RENDERED:  SEPTEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1446-MR

COMMONWEALTH OF KENTUCKY                  APPELLANT

v.          APPEAL FROM ROCKCASTLE CIRCUIT COURT
HONORABLE JOHN G. PRATHER, JR., JUDGE
ACTION NO. 19-CR-00171

BARBARA BURKE                       APPELLEE

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  DIXON, TAYLOR, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  The Commonwealth of Kentucky ("Appellant")

appeals from an interlocutory order of the Rockcastle Circuit Court granting the

motion of Barbara Burke ("Appellee") to sever the charge of operating a motor

vehicle under the influence of alcohol from the remaining charges.  Appellant

argues that Appellee failed to demonstrate prejudice sufficient to sever the charges,

that the offenses occurred in the course of a single act or transaction, and that the

evidence supporting the charges is inextricably intertwined. Appellant requests an opinion reversing the order severing the charges. After careful review, we affirm the order on appeal.

**FACTS AND PROCEDURAL HISTORY**

On October 11, 2019, a Rockcastle County grand jury indicted Appellee on one count of operating a motor vehicle under the influence of alcohol ("DUI"), assault in the third degree, menacing, and disorderly conduct in the second degree.[1] The charges arose from an incident occurring on September 18, 2019, when Kentucky State Police troopers responded to a caller reporting a single vehicle accident in Rockcastle County, Kentucky. Upon arrival, the troopers observed an unoccupied truck in a ditch. Appellee was observed sitting in another vehicle at the scene, which was not involved in the accident. Upon making contact with Appellee, the officers suspected that she was under the influence of alcohol and that she was the driver of the truck.

Trooper Brian Maupin would later testify that Appellee initially stated that she was driving the truck and had to swerve to avoid oncoming traffic which caused her to drive off the roadway. Appellee then changed her story and stated that she was a passenger in the truck and the driver had fled on foot. Trooper

---

[1] Kentucky Revised Statutes ("KRS") 189A.010, KRS 508.025, KRS 508.050, and KRS 525.060.

Derek Combs' citation stated that Appellee failed the "one-leg stand" field sobriety test. Though she initially cooperated with the troopers, Appellee became agitated and struck Trooper Maupin in the chest with an open hand. Appellee was arrested and transported to the Mount Vernon police department, where she refused to submit to a breathalyzer test.

After the indictment, the matter proceeded in Rockcastle Circuit Court whereupon Appellee filed a motion to sever the DUI charge from the assault charge.[2] In support of the motion, Appellee cited Kentucky Rules of Criminal Procedure ("RCr") 8.31 and *Rearick v. Commonwealth*, 858 S.W.2d 185, 187 (Ky. 1993). Appellee argued that the charges should be severed in part because "there was never any DUI stop" and there was little or no evidence that she was driving the truck. Appellant argued that the charges should not be severed because they arose from one act or transaction, the facts supporting the charges are intertwined, and Appellee showed no prejudice supporting severance.

At a pretrial conference on November 12, 2021, to consider whether probable cause existed to support the DUI charge, the court noted that though it was Appellant's practice to try DUI charges in conjunction with other felony charges, the court was not going to allow it in this instance because it did not want to give Appellee a basis for appeal should she be found guilty on the felony assault

_____

[2] Appellee's motion did not address the charges of menacing and disorderly conduct.

charge. On November 23, 2021, the Rockcastle Circuit Court entered a motion granting Appellee's motion to sever, and this appeal followed.[3]

## STANDARD OF REVIEW

Trial courts have broad discretion when making joinder decisions and such decisions will not be reversed on appeal absent a showing of clear abuse of discretion and prejudice. *Jackson v Commonwealth*, 20 S.W.3d 906, 908 (Ky. 2000). An abuse of discretion occurs if the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Rockcastle Circuit Court committed reversible error in severing the DUI charge from the assault charge. It contends that the offenses occurred in the course of a single act or transaction, and that the evidence supporting the charges is inextricably intertwined. Appellant argues that Appellee failed to demonstrate that joinder of the charges would prejudice the proceedings against her. After directing our attention to the Civil Rules and case law, Appellant argues that there is no basis for requiring it to conduct separate

---

[3] If certain elements are met, the Commonwealth may bring an appeal from an interlocutory order in a criminal proceeding. *See* KRS 22A.020(4) and *Evans v. Commonwealth*, 645 S.W.2d 346, 347 (Ky. 1982), wherein the Kentucky Supreme Court recognized that "KRS 22A.020(4) authorizes the Commonwealth to appeal from an interlocutory order[.]"

trials on the DUI and assault charges, as the alleged assault occurred in the midst of the DUI investigation. It requests an opinion reversing the order on appeal so that the charges may be tried together.

> Two (2) or more offenses may be charged in the same complaint or two (2) or more offenses whether felonies or misdemeanors, or both, may be charged in the same indictment or information in a separate count for each offense, if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan.

RCr 6.18. Further,

> [i]f it appears that a defendant or the Commonwealth is or will be prejudiced by a joinder of offenses or of defendants in an indictment, information, complaint or uniform citation or by joinder for trial, the court shall order separate trials of counts, grant separate trials of defendants or provide whatever other relief justice requires. A motion for such relief must be made before the jury is sworn or, if there is no jury, before any evidence is received.

RCr 8.31.

The circuit court's ruling on Appellee's motion to sever is presumed to be correct, and the duty to prove it was not correct rests with Appellant.

> Every presumption is in favor of the correctness of the decision of the trial court, and in order to warrant a reversal, error must affirmatively appear from the record. This presumption is one with which this court begins its examinations of every case brought before it, and one which every appellant must overcome in order to secure a reversal of a judgment. In other words the burden is on

> the appellant to show error affecting the judgment
> rendered below.

*Oakes v. Oakes*, 204 Ky. 298, 301-02, 264 S.W. 752, 753 (1924).

The question before us is whether Appellant has demonstrated that the ruling of the Rockcastle Circuit Court to sever the DUI from the remaining charges constitutes clear abuse of discretion, *i.e.*, that the decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Jackson*, *supra*; *English*, *supra*. After closely examining the record and the law, we find no abuse of discretion. The circuit court's ruling to sever the charges was not arbitrary or unreasonable, as the court was persuaded that the evidence supporting the DUI charge – which appears from the record to be limited – should not be presented concurrently with the evidence supporting the assault charge. In addition, we do not conclude that the ruling was unfair or unsupported by sound legal principles, as Appellant may still pursue all charges though severed, and the case law holds that a trial court has discretion in ruling on the motion to sever.

Further, Appellant has not cited to any case law in the Commonwealth, nor has our research revealed any such cases, wherein a trial court's decision to sever charges has been found to constitute an abuse of discretion. Further, our search of extra-jurisdictional case law, at both the state and federal levels, has revealed no such cases. The extant case law centers almost exclusively on whether a trial court's decision to deny a defendant's motion to

-6-

sever charges prejudiced the proceedings against him.[4]  Once the determination to sever charges has been made in favor of the accused, there is no support in Kentucky jurisprudence for a finding that the decision constituted "prejudice and [a] clear abuse of discretion." *Jackson*, 20 S.W.3d at 908.  Presumably this is because the prosecutor, though inconvenienced by separate trials on severed charges, may nevertheless conduct all necessary proceedings against the accused to carry out the ends of justice.

## CONCLUSION

The Rockcastle Circuit Court's ruling to sever the charges against Appellee is presumed to be correct, and the burden rests with Appellant to demonstrate that it constituted a clear abuse of discretion.  Having not met that burden, we affirm the order of the Rockcastle Circuit Court.


DIXON, JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

---

[4] As an example, Appellant directs our attention to *Garrett v. Commonwealth*, 534 S.W.3d 217 (Ky. 2017), in support of its contention that the Rockcastle Circuit Court's order severing the charges was improper.  *Garrett*, however, did not find that severance under the facts before it was improper.  Rather, it ruled that the trial court properly joined indictments for charges on two separate occasions.

BRIEFS FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky

BRIEF FOR APPELLEE:

James L. Cox
Mount Vernon, Kentucky